Swan, J.†
We have examined the eases referred to by counsel. An English statute, in substance the same as the section above referred to, has been construed as not having been intended to include the receivers of stolen money. The English court, in so deciding, concede at the same time, that money is in general embraced in the words goods and chattels.
576] *It is therefore here, as it was in England, a question whether the legislature intended to limit the meaning of the words goods and chattels.
The receivers of stolen bank bills, are subjected to punishment by the crimes act. The receivers of stolen coin are exempt from punishment, unless the section under consideration embraces them. We are called upon to say that such a discrimination was intended by the legislature, and to do so by giving a limited construction to words which do embrace receivers of stolen coin.
The same legislature that enacted the 26th section, have, by direct implication, in the same act included money in the terms goods and chattels. The 18th section provides: “ That if any person shall steal any money or other goods or chattels,” etc.
If, then, we look to the general scope of the law as to receivers of stolen property, and to the legislative intention in respect to the use of words, we are led to the conclusion that the section under consideration embraces money; and if we consult the common definition of words, it is clear that coin is included under the general terms, goods and chattels. There is nothing in the statute which demands, by construction, a limitation of its terms.

Judgment affirmed,.

 The term of Warden, J., expired before the decision of this canse.